IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JESSICA ADKINS,

          Plaintiff,

v.                                  CIVIL ACTION NO. 3:10-0814

CABELL HUNTINGTON HOSPITAL, INC.
a West Virginia Corporation,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the Plaintiff's Motion for Partial Summary Judgment on Issues of Liability (Docket No. 55) and the Defendant's Motion for Summary Judgment (Docket No. 57). The Court considered the motions, the responses, the replies, and heard argument on the motions by counsel at the September 12, 2011 pretrial conference. For the reasons explained below, Plaintiff's motion (Docket No. 55) is **DENIED**, Defendant's motion (Docket No. 57) is **GRANTED**.

**I**

**BACKGROUND**

Because the Court is granting the Defendant's motion for summary judgment, the facts are viewed in the light most favorable to the nonmoving party, the Plaintiff.

Jessica Adkins, the Plaintiff, was hired by Cabell Huntington Hospital, the Defendant, in June 1998 as a nurse extern. In May of 2006, Ms. Adkins began working in the position of Assistant Director of Nursing ("ADON") in the main hospital facility. In the Spring of 2007, the Plaintiff

began experiencing asthma and allergy related symptoms. She took a period of time off work in the Summer of 2007 and found that her symptoms got better. Immediately upon her return to work, her symptoms returned. The Plaintiff generally worked one week on and one week off. She continued to experience symptoms, and noticed that the symptoms would clear up after being out of the main hospital building for a few days. In October of 2007, Ms. Adkins sought treatment from Doctor Jeffrey Shaw for her symptoms. As a part of his examination, Doctor Shaw ordered skin allergy and breathing tests. After the physical examination and the additional tests, the Doctor diagnosed Ms. Adkins with occupational asthma and determined that the trigger for Ms. Adkins' occupational asthma was the main hospital facility. On November 14, 2007, Dr. Shaw advised Ms. Adkins not to return to work in the main hospital facility.

At this point, the parties disagree as to whether the hospital was informed about the Plaintiff's impairment and whether the communications between the parties were sufficient to trigger the interactive process of accommodation required by the ADA. The preceding facts regarding Ms. Adkins symptoms and impairment, however, are not in dispute and are the basis for the Court's decision.

**II**

**STANDARD OF REVIEW**

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P.* 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most

favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

### III

### DISCUSSION

**A. Plaintiff does not have a disability within the meaning of the ADA**

The Plaintiff alleges that her occupational asthma is a disability under the ADA. In order to establish her claim, Ms. Adkins must prove that her asthma is a physical impairment which substantially limits her major life activity of breathing. The Supreme Court has set forth a three step process to be used in applying the definition of disability under the ADA. *See Bragdon v. Abbott*, 524 U.S. 624, 631 (1998). First, the Court determines whether the Plaintiff suffered from a physical or mental impairment. *See id*. Second, the Court identifies the major life activity on which the Plaintiff relies and determines whether it constitutes a major life activity under the ADA. Finally, the Court analyzes whether the Plaintiff's impairment substantially limited the major life activity. *See id.* at 639.

It is not disputed that the Plaintiff's occupational asthma is a physical impairment or that breathing is a major life activity under the ADA.[1] Only the third step, whether Ms. Adkins impairment substantially limits her breathing, is in dispute. However, because Plaintiff's occupational asthma is triggered only in the main hospital building and because she has shown no evidence that her condition is triggered in any way outside of Cabell Huntington Hospital's main hospital building, the Plaintiff's occupational asthma does not substantially limit her major life activity of breathing.

As the Supreme Court has noted in *Toyota Motor Manufacturing, Inc. v. Williams*, 534 U.S. 184 (2002), for impairments whose symptoms vary widely from person to person, a diagnosis alone does not indicate whether the individual has a disability within the meaning of the ADA.[2] In such situations, an individual assessment of impairment is necessary. *Id.* at 198. The relevant regulations state:

> (1) The term substantially limits means:
>  (i) Unable to perform a major life activity that the average person in the general population can perform; or
>  (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.
> (2) The following factors should be considered in determining whether an individual is substantially limited in a major life activity:

---

[1] Were she to rely on the major life activity of working, the Plaintiff's claim would similarly fail. Under *Sutton v. United Airlines, Inc.*, 527 U.S. 471 (1999), a plaintiff must show a limitation in "a broad class of jobs" in order to sustain an ADA claim based on the major life activity of working. *Id.* at 491.

[2] Both *Sutton* and *Toyota* were superseded by the ADA Amendments Act of 2008, Pub. L. No. 110-345 § 3406, which took effect on January 1, 2009. This cause of action arose before the effective date of the 2008 Amendments and therefore, *Sutton*, *Toyota*, and the cases that apply them are all applicable.

        (i) The nature and severity of the impairment;
        (ii) The duration or expected duration of the impairment; and
        (iii) The permanent or long term impact, or the expected permanent or
        long term impact of or resulting from the impairment

29 C.F.R. § 1630.2(j). Cabell Huntington Hospital does not contest that Adkins has a physical impairment, but rather argues that Adkins has failed to raise a genuine issue of material fact about whether her asthma substantially limits her major life activity of breathing. An examination of the evidence in light of the above factors confirms the Defendant's position.

      Taking all of the Plaintiff's assertions as true, the nature of her symptoms are transient. They last no longer than the time spent inside the main hospital plus some period of recovery after leaving the building. The plaintiff experiences her symptoms only at this particular workplace and not in any other workplaces or public places. Her symptoms do not affect any of her daily activities or limit her breathing in any manner or location outside of Cabell Huntington's main hospital facility. There is no expected permanent or long term impact since the Plaintiff experienced symptoms only when she was in the facility. Plaintiff's occupational asthma affects her breathing only in one particular building, and she has not alleged that it is triggered in any other buildings or facilities. Indeed, Plaintiff specifically alleges that she is not impaired when she is in other facilities and she now works in another health care facility without difficulty.

      Plaintiff relies on *Albert v. Smith's Food & Drug Centers, Inc.*, 356 F.3d 1242 (10th Cir. 2004) for the proposition that asthma is an impairment which substantially limits the major life activity of breathing. In *Albert*, however, the Plaintiff's asthma required her to avoid a wide variety of everyday activities and could be triggered by a large number of very common substances. Conversely, Ms. Adkins' occupational asthma requires her only to avoid her place

of employment and, by her own admission, its symptoms rapidly abate as she spends time outside of the main hospital facility.

A partial survey of asthma-related ADA claims from around the country confirms the Court's decision. In *Reidman v. John Hewitt & Assoc.*, No. 2:00-cv-00251 2001 WL 506864 (D. Me. 2001), the district court dismissed an asthma-based ADA claim where the plaintiff had severe asthma attacks in and out of the workplace. The court concluded that her attacks were manageable, that her condition was effectively controlled with an inhaler, and that her asthma did not constitute a substantial limitation on the major life activity of breathing. *Id*. Similarly, in *Muller v. Costello*, 187 F.3d 298 (2d Cir. 1999), the Second Circuit Court of Appeals found that a state corrections officer whose symptoms were manifested only at work had failed to show sufficient evidence of a substantial limitation on the major life activity of breathing. The *Muller* court emphasized the lack of evidence of "off-the job" impairment. *Id*. at 314. In *Nugent v. Rogosin Institute*, 105 F. Supp.2d 106 (E.D.N.Y. 2000), the district court dismissed a very similar claim, holding that, "an asthmatic condition which only prevents [the] plaintiff from working at one job, or a narrow category of jobs, is not a qualifying disability under the ADA. . ." *Id*. at 113 (*citing Muller v. Costello*, 187 F.3d 298 (2d. Cir. 1999)). On the same grounds, the district court in *Saunders v. Baltimore County, Maryland*, 163 F. Supp.2d 564 (D. Md. 2001) dismissed under Fed. R. Civ. P. 12(b)(6), a complaint filed by an asthmatic plaintiff who failed to allege difficulty breathing outside of his current work environment. *Id.* at 569.

Based on the foregoing discussion, the plaintiff's occupational asthma does not qualify as a disability under the ADA.

**B. Plaintiff is not a qualified individual within the meaning of the ADA.**

The ADA protects "qualified individual[s]" from discrimination. 42 U.S.C. § 12112(a) (2007). A qualified individual is, at minimum, "an individual with a disability. . ." 42 U.S.C. § 12111(8) (2007). In other words, in order to be qualified, an individual must have a disability as defined in the sections of the ADA discussed above. Ms. Adkins does not have a disability as defined by the ADA and therefore is not a qualified individual under that statute.

## IV

## CONCLUSION

For the reasons stated above, the Plaintiff's Motion for Partial Summary Judgment on the Issue of Liability (Docket No. 55) is **DENIED** and Defendant's Motion for Summary Judgment (Docket No. 57) is **GRANTED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: September 23, 2011

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE